UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **MICHAEL JOSEPH PIPITONE**, | : | **Chapter 13** |
| Debtor(s), | : | Case No. **5:24-bk-00079-MJC** |
| | : | |
| **PENNYMAC LOAN SERVICES, LLC**, | : | |
| Movant, | : | **Motion for** |
| v. | : | **Relief from Stay** |
| **MICHAEL JOSEPH PIPITONE** and | : | |
| **JACK N. ZAHAROPOULOS, TRUSTEE**, | : | |
| Respondent(s), | : | |

## OBJECTION TO CERTIFICATION OF DEFAULT OF PENNYMAC LOAN SERVICING

AND NOW COMES Debtor(s) **MICHAEL JOSEPH PIPITONE**, by and through their attorneys, J. ZAC CHRISTMAN, ESQUIRE, with Objection to Certification of Default of Fay Servicing, and in support thereof avers:

1. Debtor resolved a potential Motion of PennyMac Loan Servicing ("PennyMac") for Relief from Stay via Stipulation Approved on November 11, 2024.

2. Subsequently, Debtor contacted PennyMac with regard to a change in the homeowners insurance.

3. PennyMac provided Debtor with a deadline to provide information on their new homeowners insurance.

4. Debtor complied with that deadline and timely provided proof of new homeowners insurance so that it would be reflected in the annual escrow review.

5. PennyMac negligently failed to process the new homeowners insurance into the escrow review, resulting in the objectionable Notice of February 1, 2025, Mortgage Payment Change filed December 24, 2024. (See Claims Register with regard to Proof of Claim 9.)

6. Counsel for Debtor advised KML Law Group of the error and advised Debtor to communicate with PennyMac directly.

7. This resulted in the Notice of August 1, 2025, Mortgage Payment Change filed July 1, 2025, and the Notice of September 1, 2025, Mortgage Payment Change filed July 24, 2025.

8. Movant sent a Notice of Default on or about July 10, 2025, demanding $4,083.90 be paid by July 25, 2025.

9. This amount was dramatically inflated by PennyMac's failure to account for Debtor's new homeowners insurance from February 1, 2025, through July 1, 2025.

10. Communications between Debtor and his wife and PennyMac caused Debtor to believe that a payment of $1,376 made on July 3 was not accounted for in the demand for $4,083.90.

11. On or about August 1, 2025, Debtor paid $3,000 to PennyMac by phone, managing to cure the inflated default caused by PennyMac's negligence.

12. The $3,000 payment has not been withdrawn from Debtor's account.

13. On August 5, 2025, PennyMac filed a Certification of Default.

14. To the extent the Default has not been satisfied, the failure is a failure of PennyMac due to 1) the failure to process new homeowners insurance in a timely manner, and 2) the failure to process Debtor's most recent payment.

15. The Certification of Default is either the result of misleading information provided to KML Law Group by PennyMac or the failure of PennyMac to process a payment that PennyMac represented to Debtor and his wife would be processed.

16. Under the circumstances, the Certification of Default should be rejected and no Order for relief should be granted.

WHEREFORE, Debtor(s) **MICHAEL JOSEPH PIPITONE** respectfully pray(s) this Honorable Court for a hearing on the Certification of Default and the propriety of any resulting Order Granting Relief from Stay, that this Objection to Certification of Default be Sustained, that no Order Granting Relief from Stay be issued, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully Submitted,

/s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Debtor(s)
538 Main Street, Suite 102
Stroudsburg, PA 18360
(570) 234-3960
zac@jzacchristman.com

Case 5:24-bk-00079-MJC    Doc 53    Filed 08/05/25    Entered 08/05/25 18:03:23    Desc
Main Document    Page 3 of 3